BACKUS *v.* FOBES *et al.*

It was agreed between two partners and a creditor of the firm, that it should be submitted to arbitrators to divide and appropriate the assets as they deemed fit, for the payment of debts, and to determine which of the partners should pay the creditor, and that the other should be discharged: *Held*, that such submission constitutes a sufficient consideration for the creditor's agreement, and that an award discharging one of the partners is a bar to an action against him.

The award cannot be impeached by reason of its charging one of the partners with the whole of a judgment recovered in Pennsylvania for a partnership debt, though by the law of that State the partner thus charged was not liable, jointly or individually, for a part of the sum recovered; no evidence having been given to the arbitrators of the foreign law giving such peculiar effect to the judgment.

Nor because the award did not purport to dispose of certain personal property of the firm, shown to have been submitted to the arbitrators on the hearing.

APPEAL from the Supreme Court. Action upon two promissory notes executed by the defendants under the firm of Fobes & Backus for $500 each, both payable on or before the 1st day of June, 1850. The defendant Fobes set up in his answer that previous to January 22d, 1852, a controversy having arisen between him and his co-defendant Backus of the one part, and the plaintiff and a third Backus of the other part, the matter was submitted to arbitrators by a written submission, which he set out *in verbis*. The submission is dated Jan-

Backus *v.* Fobes.

uary 22d, 1852; is executed by and purports to be the act of the defendants in this suit, Fobes and Seth A. Backus: recites that there are differences and disagreements between said parties as to their business at Turtle Point; and that, for the purpose of making a final settlement of the same, "we hereby agree to refer the same, including all and every kind of business matter and transaction, to [naming arbitrators], and said parties shall produce all books, papers and accounts to said arbitrators, and said arbitrators shall divide and dispose of all the assets in connection with the business aforesaid as to them shall seem just and proper. They shall also appropriate all assets as they shall deem fit for the payment of the debts. Whichever party the said arbitrators shall decide shall pay John C. and George B. Backus, or either of them, the claim he may have against Fobes & Backus, shall pay the same, and the other party shall be discharged from the same.    *    *    *    This submission shall not affect the real estate of the parties; they shall make a statement of the matters and accounts between the parties on the principle of partnership."

Annexed to the submission was an agreement executed by the plaintiff and John C. Backus in these words: "We, John C. and George B. Backus, separately agree to the terms of the foregoing submission so far as our claims are concerned."

The answer further stated that the arbitrators made an award on the 12th August, 1852, by which they determined that the defendant, Seth A. Backus, should pay the debts owed by the firm of Fobes & Backus, and that he should pay the debt due the plaintiff in this suit, which they fixed at $1,155.15, which included the notes described in the complaint.

The trial was at the Allegany Circuit before Justice GREENE, a jury having been waived. He found these facts: The defendants executed the notes as partners, and no part thereof had been paid. That the defendants executed the submission set forth in the answer, at the date thereof, and that John C. Backus at the same time signed the stipulation at the foot of the submission; the plaintiff was not present and did not sign the stipulation until after the time for hearing was fixed, but it was

agreed that the arbitration should not go on unless he signed. The award was as stated in the answer.   It required the defendant, Seth A. Backus, to pay the debts of Fobes & Backus, which, as set forth in the award, amounted to about $3,500; and it provided that he should have certain claims of the firm against third parties, which, as stated in the award, amounted to about $2,200, and were declared to be "all the assets of the firm, so far as has come to our knowledge."  The plaintiff presented the notes in suit to the arbitrators on the hearing, as a claim against the defendants.   The judge also found "that the defendants submitted the following partnership property, which was on their farm at Turtle Point to the arbitrators, viz.: one set blacksmiths' tools, one potash kettle, one fanning mill, log chains, a snow plough and stove."   The other facts appear in the following opinion.   The judge decided that the submission and award constituted no bar to the plaintiff's right to recover against Fobes, and judgment was entered for the plaintiff. Fobes having duly excepted, appealed; and the judgment having been affirmed at general term in the eighth district, he appealed to this court.

*Nicholas Hill*, for the appellant.

*A. P. Laning*, for the respondent.

COMSTOCK, J.   In the submission entered into between the partners Fobes and Seth A. Backus, it was provided that the arbitrators might determine which of them should pay the debt of the firm to the plaintiff, embracing the notes on which this suit was brought; and that the other partner should be discharged therefrom.   The amount of the debt was also to be settled by the award.   To this submission the plaintiff became a party, in respect to his demand, by entering at the same time into a separate stipulation at the foot of the paper, declaring his assent to the terms thereof.   The plaintiff, therefore, in effect, agreed that on a determination being made by the arbitrators adjudging which of the partners should pay the debt,

Backus *v.* Fobes.

he would discharge the other. Such is the obvious construc-
tion of the two writings, which are to be read together. If
therefore the agreement on the part of the plaintiff was founded
on a sufficient consideration and was valid, its obvious effect
was to exonerate the defendant Fobes, provided the award
declaring that the defendant Seth A. Backus should pay this
debt was properly made.

· We think the agreement cannot be impeached for want of a
consideration. The arbitrators not only had power to decide
which of the partners should pay this and another considerable
debt, but they were also to "divide and dispose of" the assets
of the firm as they should think just and proper. It was
therefore competent for them to award that one should pay
these debts and should have the property of the concern. And
this was the determination actually made. The partners were
each bound by their submission to abide by such a disposition
of their affairs, and that obligation alone was a sufficient con-
sideration for the plaintiff's engagement to look for payment
solely to the partner who, in the result of the arbitration, would
receive the assets of the firm. It is quite true that the obliga-
tion of one of two joint debtors, substituted for that of both,
affords no new security to the creditor. But if one of the
debtors agree to surrender and does surrender to the other his
interest in the property and funds which they own together, an
agreement of the creditor to discharge him and look to the
other is well founded on that consideration. This was essen-
tially the principle on which the submission and the award
proceeded.

On the part of the plaintiff it has been contended that the
award was void because it did not, in accordance with the terms
of the submission, "divide and dispose of all the assets con-
nected with the business" of the firm at Turtle Point. Look-
ing at the face of the award, this objection appears to be
unfounded in fact. The arbitrators set forth in their determi-
nation a schedule of effects which they award to the partner
Seth A. Backus; and in conclusion they say in substance that
this schedule comprises the assets of the firm so far as the same

came to their knowledge. Outside of the award, it appeared on the trial of this case that a few personal chattels of very insignificant value were not embraced in that disposition of the partnership property, and that it was proved before the arbitrators that the firm had these chattels. It appears that the final award was made some six months after the hearing was commenced. The arbitrators had power to dispose of these chattels or any other effects of the firm for the payment of debts; and in support of the award we are bound to intend, if necessary, that they were thus disposed of before the final decision. But I do not think that intendment necessary. If these goods remained on hand at the time of the award, the omission to divide or dispose of them does not vitiate the proceeding. The only effect of that omission was to leave them, as before, the joint property of the owners. It was not a fundamental condition of the submission that the joint ownership of each article in the inventory of assets must be terminated by the award. In the absence of such an express condition, there is no ground for questioning the validity of the award as to any or all of the subjects actually embraced within it.

It has also been claimed that the award was void on the ground that Seth A. Backus was adjudged to pay a debt due from the firm to John C. Backus, the amount of which was declared to be $1,932.63. This was among the matters distinctly embraced in the submission, and the proof in this cause shows that it was actually submitted to the arbitrators. The objection now is, that the debt in question existed wholly or partly against the partner Fobes alone. It appears that the creditor John C. Backus recovered a judgment against the firm for this debt, amounting to $985.65, in one of the courts of Pennsylvania; that Fobes alone appealed from that judgment and had a new trial; that on such new trial the recovery was for $1,880.03; and that, according to the law of Pennsylvania, Fobes, who had appealed, was solely liable for the excess over the first judgment. It was not, however, so far as appears, shown on the trial of the present case that the law of Pennsylvania giving that peculiar effect to the judgment rendered in

that State was proved before the arbitrators. The whole demand of John C. Backus was submitted to them as one existing against both the partners; and their determination that such was its character, and that Seth A. Backus should pay it, cannot now be impeached by evidence showing that for a part of the debt the other partner was solely liable. By the very terms of the submission, the parties were to furnish proof of the debts of the firm remaining unpaid, and the arbitrators were to act upon that proof. Conceding even that they erred, it does not affect their decision. An award is not impeachable for error merely.

The submission set forth that the arbitrators should render a statement of the matters and accounts between the parties on the principle of partnership; and on the ground that this was not done, it is claimed that the award is void. This objection I think rests upon a misconstruction of the submission. That instrument, as I read it, did not require that a statement of the partnership affairs should be incorporated into and made a part of the award. The provision referred to, it seems to me, merely prescribed the principle on which the accounts and differences between the parties should be stated, and not what the award itself should contain. Proceeding on that principle, the arbitrators were to make their adjudication, declaring the results. It was not required even that the decision should be in writing. In arriving at their conclusions, it is to be presumed that the arbitrators proceeded in the manner and upon the principle which the submission pointed out.

On the whole, we are of opinion that the joint demand of the plaintiff against the two defendants was extinguished by the submission and award. The judgment should, therefore, be reversed, and a new trial granted.

GROVER, J., did not sit in the case, and SELDEN, J., was absent; all the other judges concurring,

Judgment reversed, and new trial ordered.