## J. M. SILVERS, *et al.*, v. JOHN R. FOSTER, *et al.*

1. PROMISSORY NOTE— *Liability of Partner signing name of Firm.* A member of a partnership, who personally or by a clerk, and with or without authority from the firm, signs the firm name to a promissory note, as surety thereon, is responsible upon the note, in the same manner and to the same extent as if he had signed his own individual name thereto.

2. PARTIES—*Misjoinder; Dismissal as to some of Defendants.* Where the holder of a promissory note, signed with the firm names of two different partnership firms, sues several individuals as members of said firms, and where it appears upon the trial that one of the individuals sued is not liable because he is not a member of either firm, and where it also appears that another of said individuals is not liable because the person who signed the firm name of one of the firms had no authority to so sign the name, nor any authority to bind this individual, the plaintiff may dismiss his action against these two defendants who are not liable, and take judgment against those who are shown to be liable.

*Error from Anderson District Court.*

ACTION brought by *Foster & Foster*, as plaintiffs, against J. M. Silvers, A. B. Harper, Frank R. Shryock, A. F. Royer, and Ellridge L. Hawk. The plaintiffs counted upon a promissory note of which the following is a copy:

"$375. GARNETT, KAS., JUNE 6th, 1870.

"Sixty days after date we promise to pay to the order

of John R. Foster & Co. three hundred and seventy-five dollars, for value received, payable at the banking house of John R. Foster & Co., with interest from maturity at the rate of twelve per cent. per annum.

"Silvers & Harper.

"F. R. Shryock & Co."

The liability of Silvers & Harper was not disputed. The testimony showed that the firm of "F. R. Shryock & Co." was composed of F. R. Shryock and A. F. Royer, and that Hawk was a clerk in the employ of Shryock & Co.; that the signature "F. R. Shryock & Co." was affixed to said note by Hawk, the clerk, upon the authority and direction of *F. R. Shryock;* that the partner, Royer, knew nothing of the transaction; and that said note was not given for or on account of any debt, liability, or business transaction of the firm or partnership of "F. R. Shryock & Co.," but was so signed with the intent and purpose on the part of Shryock that his firm should thereby become sureties for Silvers & Harper, the principal debtors. The action was tried at the March Term 1871. After the evidence was all in, the plaintiffs, on leave, dismissed their action as to Royer and Hawk—the other defendants objecting and excepting. Verdict for the plaintiffs, and judgment on the verdict against Silvers and Shryock,* who now bring the case here by petition in error for review.

*W. A. Johnson,* for plaintiffs in error :

1. The district court erred in permitting the plaintiffs below to dismiss their action as against Hawk and Royer, and proceed against Silvers & Harper, and F. R. Shryock individually. The civil code does not allow amendments, when, by such amendments, the claim or defense is substantially changed. Code, § 139; 1 Kas., 418; 2 Kas., 438.

The jury were sworn to try the issues joined, as to the liability of *the firm* of F. R. Shryock & Co., as stated in the petition, answer, and reply. The amendment, by striking

[* The record does not show whether *Harper* was summoned. He did not answer, or appear. Nothing appears showing why the verdict was not against him also, or why judgment was not given against him as upon default.—Reporter.]

out the names of Hawk and Royer, and proceeding against F. R. Shryock individually, was changing substantially the issues that the jury were sworn to try, and this, after all the testimony had been introduced, and the case argued on the part of the defendants below. Under the pleadings if the plaintiffs had no right to recover against Hawk and Royer, or the firm of Shryock & Co., then they could not recover as against F. R. Shryock.

The amendment by dismissing as to Hawk and Royer, changes substantially, the defense of F. R. Shryock from that of a *partnership transaction* to that of an *individual transaction.*

"The title of a cause shall not be changed in any of its stages." Code, § 117.

2. It was an error to permit the plaintiffs below to amend their proceedings by dismissing as to Hawk and Royer, without prescribing terms of such amendment. Code, § 139.

*Bergen & Kirk,* for defendants in error:

1. The dismissal of the action as to Royer and Hawk was, in effect, only an amendment by striking out their names as defendants. This was in furtherance of justice, did not change substantially the claim, and was not error. *Ansonia Rubber Co. v. Wolf,* 1 Handy, 236; 9 Ind., 273. 5 Kas., 309. By § 117 of the code is meant that the title or caption of the answer or demurrer, or other paper filed in the cause after the petition, shall be like that of the petition, *naming the plaintiff first;* whereas, before the code, it was usual to name first the party putting in the pleading. 1 Handy, 236; Seney's Code, 155, note "*a.*"

2. In all cases of joint obligations of co-partners, or others, suits may be brought and prosecuted against any one or more of those who are liable. Gen. Stat., ch. 21, § 4. In this are included promissory notes made by partners or by others jointly liable. Code, § 39. Hence, a suit against the plaintiffs in error, Silvers and Shryock, might have been brought upon this note, and a judgment rendered thereon against them; and wherever a several suit might have been brought, the

code allows a several judgment to be entered, even though others besides the persons liable were made parties defendant. Code, § 396; 10 Ohio St., 450; 21 Barb., 26; Kernan, 294; 8 How., 151.

3. It was not necessary that any particular terms should be imposed by the court, upon the allowance of the amendment. The plaintiffs in error did not show that they were surprised or injured by the amendment, and did not ask that any terms should be imposed.

4. The individual partner who signs the name of the firm without authority, is himself bound. 1 Chitty's Pl. 42, 43, and note. Story on Part., §§ 119, 128, and cases there cited. And the law is, as charged by the court below, that the signing of the name of a partnership or firm by a clerk, at the request of a member of such firm, is equivalent to the signing of the firm-name by such member with his own hand, and the same obligations are thereby imposed upon such firm, or member so requesting, as if such member had signed such firm-name himself.

The opinion of the court was delivered by

VALENTINE, J.: Without giving any detailed statement of the facts of this case we shall proceed at once to decide the questions of law involved therein. And first: A member of a partnership who personally, or by a clerk, and with or without authority from the firm, signs the firm name to a promissory note as surety thereon is individually responsible upon the note in the same manner and to the same extent as if he had signed his own individual name thereto. Second: Where the holder of a promissory note signed with the firm-names of two different partnership firms, sues several individuals as members of said firms, and where it appears upon the trial that one of the individuals sued is not liable because he is not a member of either firm, and where it also appears that another of said individuals is not liable because the person who signed the firm-name of one of the firms had no authority to so sign the same, nor any authority to bind this individual,

the plaintiff may dismiss his action against those two defendants who are not liable and take judgment against those who are shown to be liable. Gen. Stat., page 183, ch. 21, § 4; civil code, p. 637, § 39; pp. 704, 705, §§ 396, 397; and p. 655, § 139.

We do not think that there are any other questions sufficiently presented by the record to require our consideration. The counsel for plaintiff in error claims that the court below erred in allowing the plaintiffs below to dismiss their cause of action as against the defendants E. L. Hawk and A. F. Royer without prescribing any terms of such dismissal. That was a question principally if not entirely between the plaintiffs below and Hawk and Royer, and not between the plaintiffs below and plaintiffs in error, Silvers and Shryock, who were defendants below. The only terms that would have been proper, so far as the record shows, were that the plaintiffs below should pay all costs made by themselves in prosecuting their action against Hawk and Royer, and all costs made by Hawk and Royer in defending the action, and none of these costs should have been taxed against plaintiffs in error. Silvers and Shryock are liable (without any judgment being rendered therefor,) for all costs made by themselves; and the judgment should have been rendered against them and in favor of the plaintiffs below for all costs made by the plaintiffs below in prosecuting their action against Silvers and Shryock. Such seems to be the judgment. No improper costs seem to have been taxed against Silvers and Shryock, and hence no error in this respect is apparent. The judgment of the court below is affirmed.

All the Justices concurring.