## W. R. KIRKPATRICK v. CLARA GRAY.

PROMISSORY NOTE—*Principal and Surety—Action—Practice.* The holder of a promissory note may, at his option, bring and maintain an action against one who signed the same as surety only, and cannot be compelled to bring in the principal debtor as a party defendant in order to have it determined who is primarily liable on the note, or to give the surety the benefit of the provisions of § 470 of the code, as that section only applies in cases where the principal and surety are jointly sued.

*Error from Harper District Court.*

ACTION to recover on a promissory note. Trial at the January term, 1888, and judgment for plaintiff *Gray.* The defendant *Kirkpatrick* brings the case here.

*Geo. E. McMahon,* for plaintiff in error.

*Shepard, Grove & Shepard,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover on a promissory note executed May 11, 1886, by J. St. Clair Gray, W. R. Kirkpatrick, and C. P. Aspinwall, for the sum of $200, payable to the First National Bank of Anthony, Kansas, sixty days after date, with interest at 12 per cent. per annum after maturity. Clara Gray, the wife of J. St. Clair Gray, brought this action against W. R. Kirkpatrick alone, alleging that she purchased the note from the bank on July 20, 1886, and that she was the owner and legal holder of the same. In his answer, Kirkpatrick alleged that J. St. Clair Gray was the principal debtor, and that he was surety only, and received no part of the consideration for which the note was given; that Gray was at the time of the commencement of the action, and still is, a resident of Harper county, within the jurisdiction of the court; and he asked that Gray be brought in and made a party defendant in the action; and that, failing in

this, judgment should be rendered in favor of defendant for costs.

It was conceded at the trial that Kirkpatrick signed the note, that the same was due and unpaid; but it was contended that he was a surety only, and that the action thereon could not be maintained against him alone, the principal being a resident of the county, and within the jurisdiction of the court. A general finding was made in favor of the plaintiff, and upon this the judgment sought to be reversed was based.

There is a dispute between the parties in regard to whether Kirkpatrick is a principal maker, or only a surety; but the view we take renders that an immaterial issue in this proceeding. The question to be determined is, whether the owner and holder of a promissory note may bring his action against the surety alone, or can he be compelled to bring in the principal debtor, in order that the judgment may be rendered against the one primarily liable, and that the property of the principal debtor shall be exhausted, as provided in § 470 of the civil code? The statute provides that "in all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable." (Gen. Stat. 1889, ¶ 1101.) In § 39 of the civil code it is enacted that, "persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

In *Whittenhall v. Korber*, 12 Kas. 618, it was decided that several makers of a promissory note were severally liable and might be proceeded against separately, and if all were sued in one action the plaintiff might dismiss his action as to any one of the defendants and proceed against the remaining defendants.

*Swerdsferger v. The State*, 21 Kas. 475, was an action upon a recognizance, in which it was decided that an action may be maintained against the surety alone, without joining the

principal as defendant; and it was also held that §470 of the code only applies where the principal debtor is one of the defendants, and does not take away the right given elsewhere to sue the surety alone. (See also *Silvers v. Foster*, 9 Kas. 56; *Alva v. Wilson*, 9 id. 404; *Jenks v. School District*, 18 id. 356.)

We see no conflict between §§ 39 and 470 of the code. Section 39 confers upon the plaintiff the option or privilege of suing any one of those who are severally liable on a promissory note, and §470 simply provides for cases where the principal debtor and surety are jointly sued, and has no application where they are sued severally. (See also *Wilkins v. Bank*, 31 Ohio St. 565.) The code affords ample remedies for the protection of a surety who is compelled to pay the debt of his principal. (Civil Code, §§ 480, 529, 530, 531.) The fact that Clara Gray was the wife of one of the makers of the note does not deprive her of any of the remedies afforded by the law.

Judgment affirmed.

All the Justices concurring.