## LEOPOLD HELLMAN ET AL.

### v.

## HENRY SCHWARTZ ET AL.

*Actions* ex Contractu — *Appeal from Justice Court — Judgment Against One of Three Defendants—Novation, Consideration for—New Trial—Surprise as Ground for.*

1.  Upon trial in the Superior Court of an action *ex contractu* appealed from a justice court, the jury rendered a verdict against one of three defendants and found the issues for the other two defendants, and the court entered judgment against the first defendant but failed to render judgment in favor of the other two defendants for costs; this court holds, that this was not an error of which the plaintiff could complain on appeal.

2.  Where, in a given case, creditors of a partnership, upon its dissolution, agree that if certain goods are transferred to one of the partners by the others they will release the partners making such transfer from liability and look solely to the remaining partner, he assuming the debts and agreeing to pay them, it is proper to hold, such transfer being made, that the novation was supported by a good consideration and was a valid release of the other partners.

3.  Appellants claim that they were surprised by the evidence adduced upon the trial, held to have been an insufficient ground for granting a new trial.

4.  In actions *ex contractu* before justices of the peace, judgment may be had against a part of the defendants only.

### [Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. MOSES & PAM, for appellants.

No appearance for appellees.

WATERMAN, P. J.  Appellants brought suit before a justice of the peace against appellees.  Judgment was obtained by the plaintiffs and the defendants took an appeal to the

Superior Court. The suit was based upon three acceptances made by the defendants. Prior to the commencement of the trial, the defendants gave notice that the defense would be that, as to two of the defendants there was no liability, and that the third defendant would insist that he had a set-off. The jury returned a verdict finding the issues for the plaintiffs as to the defendant, Henry Schwartz, and assessing damages at $52.40, and as to the other two defendants the jury found the issues for them. Upon this finding the court rendered judgment against Henry Schwartz, leaving the matter undisposed of as to the other two defendants, in whose favor the verdict of the jury had been. Had this suit been begun in the Superior Court, it being an action *ex contractu*, the judgment must have been against all or none. The practice in suits before justices of the peace is different; in actions before justices of the peace judgment may be against such only as against whom a cause of action is made out. Revised Statutes, Chap. 79, Sec. 36. The judgment against Henry Schwartz having been rendered February 21, 1891, plaintiffs perfected an appeal therefrom April 25, 1891. On the 18th day of July, 1891, after the expiration of the term at which the judgment against Schwartz was entered, the court entered judgment *nunc pro tunc* as of February 21, 1891, in favor of the two defendants for whom the jury had found.

Admitting that in this suit, as if it had been begun in a court of record, the court should have, February 21, 1891, rendered a complete judgment upon the verdict and not a partial one, we do not think that the failure of the court to at that time render a judgment against appellants and in favor of two of the appellees for costs, is a thing of which appellants can complain. If Schwartz had taken an appeal from the judgment rendered against him, no disposition of the suit as to the other defendants having been made, a different question would have been presented. Undoubtedly the set-off claimed by Schwartz being in his favor only, could not have been considered had this cause been begun in the Superior Court; as, however, before a justice of the

peace a recovery can be had against such of the defendants as appear to be liable, as Schwartz is the only one found liable, we see no reason why his set-off might not be allowed.

The defense of the two defendants in whose favor the verdict and judgment was, was based upon a novation, a release by the plaintiffs of them as debtors upon the acceptances, and an agreement to take Schwartz as their only debtor. It appeared that all of the defendants were partners when the acceptances were made; afterward the partnership was dissolved and the plaintiffs agreed that if the defendants would turn over to Schwartz certain packages of goods purchased by the defendants of the plaintiffs, they, the defendants, would discharge the other defendants, and Schwartz would assume and discharge the liability of all of the defendants. Accordingly the packages were turned over to Schwartz, and he sold the goods therein, and plaintiffs promised to return to the released defendants the acceptances theretofore made. It is argued that there was no consideration for this novation; that Schwartz was all the while liable to the plaintiffs, and that there was no consideration for the release of the other defendants. In Bates on Partnership, Sec. 505, it is said that if one partner promises the creditor to assume and pay the entire debt, and the creditor promises to look to him alone, a substitution of debtors is effected, and the other partner is released. This rule is said to be founded upon the doctrine that there is a consideration to the creditor because the sole liability of one of two debtors may be more beneficial and convenient than the joint liability of two. Thompson v. Percival, 9 Barn. & Ad. 925; Lyth v. Ault, 7 Excheq. 569. This reason for the rule would seem to fail in this State, where joint obligations and covenants are also several. Revised Statutes, Chapter 76; Marine Bank of Chicago v. Ferry, Adm'r, 40 Ill. 255; Gage v. Mechanics Bank, 79 Ill. 62.

The novation in the case under consideration has for support more than mere promises to assume and pay and to release; the evidence is that appellants, the creditors, in

consideration that appellees, debtors, would turn over to Schwartz, one of the debtors, certain goods, they, the creditors, agreed that they would look alone to Schwartz for payment and would release the other debtors, he, Schwartz, agreeing to assume and alone discharge the indebtedness, that accordingly the said goods were turned over to Schwartz, who sold them and assumed to pay the debt. While the rule enunciated in Bates on Partnership has been both followed and disputed in this country, we think it well settled that promises and releases made in conjunction with the turning over of goods is a sufficient consideration to support the agreement to release. Leihy v. Briggs, 33 Ill. App. 534; Backus v. Fobes, 20 N. Y. 204; Walstron v. Hopkins, 103 Penn. St. 118; Ætna Ins. Co. v. Peck, 28 Vt. 93; Collyer v. Moulton, 9 R. I. 90; Lind. on Partnership, 244-247.

It is urged that a new trial should have been granted because of the showing made in affidavits filed by appellants in support of their motion for a new trial. These affidavits do show that the plaintiffs were surprised by the evidence given on the trial, but they do not show that the defendants have now any knowledge as to the facts which they did not possess at the time of the trial. Appellants might, if they had desired, at the conclusion of the evidence or before the case was submitted to the jury, have taken a non-suit, and bringing another suit, could, upon the trial of that, have produced the evidence of what is set forth in the affidavits they filed. In most cases one party is to some degree surprised, at the trial, by the evidence introduced by the other. The plaintiff is usually in a position where he can obviate the effect of this by taking a non-suit and beginning again. If, instead of doing this, he speculates upon what the result of the evidence adduced will be, it is seldom that a new trial will be granted to him because of such surprise. Beadle County Nat'l Bank v. Hyman, 33 Ill. App. 618; Dueber Watch Case Mfg. Co. v. Lapp, 35 Ill. App. 375.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*