## Severt T. Gunderson v. Charles Hasterlik.

1.   GUARANTY—*Contract of, Signed by One Partner in the Partnership Name Without Authority from Other Members.*—A contract of guaranty in the name of a partnership, to which the name of the firm is signed by one of the members without authority from the others, is binding upon the member signing it.

2.   CONSIDERATION—*For a Contract of Guaranty.*—An agreement to sell beer on the premises of the principal, manufactured by the guarantor, is a sufficient consideration for a contract of guaranty.

3.   PRACTICE—*Dismissal as to Parties Not Jointly Liable.*—In an action originally commenced in a justice's court against parties as copartners, and taken to the Circuit Court on appeal, the plaintiff has the right to dismiss his suit as to such of the defendants as appear not to be jointly liable upon the contract sued upon, and recover judgment against such as are jointly liable.

Assumpsit, on a contract of guaranty.   Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1900.   Reversed, and judgment in this court.   Opinion filed March 5, 1901.

This action was begun by appellant before a justice of the peace against Ignatz Hasterlik, Samuel Hasterlik and Charles Hasterlik, the latter being the appellee here.   The

three defendants were sued upon a guaranty of a lease. Charles Hasterlik was the president of a brewing company, and the consideration for the guaranty was the release of another guaranty and an undertaking by the lessee, whose lease was guaranteed, that he would sell upon the premises the beer manufactured by the brewing company, of which appellee was president. The guaranty was executed by Charles Hasterlik, who signed thereto the name "Hasterlik Bros."

A judgment resulted against the defendants. An appeal was taken from the judgment of the justice of the peace to the Superior Court, and upon trial there, before the court without a jury, the appellant dismissed as to Ignatz and Samuel Hasterlik, and sought to recover against appellee alone.

The court held that since the action had begun against three upon a claim *ex contractu*, there must be a recovery against all or none, and the suit having been dismissed as to two, the court found the issues for the third defendant, appellee, and rendered a judgment for costs against appellant.

From that judgment this appeal is prosecuted.

C. Van Alen Smith, attorney for appellant.

Blum, Blum & Rothschild, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

The execution of the guaranty did not bind Hasterlik Bros., for appellee had no authority to thus obligate the two other defendants, Samuel and Ignatz Hasterlik. It did, however, operate to bind appellee, who, if he had no authority to obligate others, at least had power to bind himself. This he did by executing the guaranty. We are of opinion that the evidence discloses a sufficient consideration for the making of the contract of guaranty. The agreement to sell upon the leased premises the beer manufactured by the company of which appellee was the president, was of itself consideration enough. The trial court held the following as a proposition of law:

Gunderson v. Hasterlik.

" This court holds as the law in this case that this suit was begun in the justice court by plaintiff against the three Hasterliks, mentioned in the justice summons as copartners as Hasterlik Bros., and that the plaintiff has in fact so proceeded, and having so proceeded against said three defendants jointly, he must recover against all three or none, and having dismissed as to Ignatz Hasterlik and Samuel Hasterlik, he can not, in this Superior Court, obtain a judgment against Charles Hasterlik individually."

We are of opinion that the learned trial judge erred in so holding. This cause having originated in the court of a justice of the peace, it is governed by the statute regulating recovery against joint defendants in such courts.

Sec. 40 of Chap. 79 of the Rev. Stat., being a part of the act which provides for the jurisdiction and practice of justices of the peace in civil cases, provides as follows:

" If an action be brought against two or more defendants, and it shall appear upon the trial that one or more of the defendants is not jointly liable with the others upon the contract or cause of action sued upon, judgment shall be given against such as appear to be liable and in favor of the others."

The same statutory provision governed the trial *de novo* upon appeal.

If so explicit an enactment needed any construction to make its provisions plain, it has been construed or applied to facts similar to those now presented.

In Hellman v. Schwartz, 44 Ill. App. 84, the action was begun against three defendants, sued jointly, upon a claim *ex contractu.* Upon appeal the cause was tried *de novo* in the Superior Court, and the jury returned a verdict against one defendant only, finding that the other two were not liable. Upon review by this court it was held that this was a proper procedure in an action which had been begun before a justice of the peace.

The liability of appellee having been clearly established by the evidence, and the amount due upon the guaranty being $200, the judgment of the Superior Court is reversed and judgment is entered here for $200 and the costs .

Reversed, and judgment in this court.