## BONNEAU v STRAUSS BROS.

No. 7135—Opinion Filed Feb. 25, 1919.

(179 Pac. 10.)

(Syllabus)

**Partnership—Contract of Guaranty—Liability of Partner—Action.**

A member of a partnership who, personally and without authority to bind the firm, signs the firm name to a contract of guaranty, is responsible on the contract in his individual capacity, and may be sued upon the contract, and it is not necessary to bring the suit for breach of implied warranty, nor an action in tort for fraud and deceit.

**Error from County Court, McClain County; A. J. Maudlin, Judge.**

Action by Strauss Bros. against M. Bonneau and Bonneau Bros. Judgment against defendant M. Bonneau and suit dismissed as to Bonneau Bros., and defendant M. Bonneau brings error. Affirmed.

Ben Franklin, for plaintiff in error.

W. C. Madison and E. E. Glasco, for defendants in error.

McNEILL, J. This was an action commenced in the county court of McClain county by Strauss Bros., plaintiffs, against Bonneau Bros. and M. Bonneau, the petition alleging that Bonneau Bros., as a partnership, consisted of M. Bonneau and Louis Bonneau; that heretofore they executed a contract guaranteeing the payment for certain goods to be sold and delivered to B. C. Henderson. The contract was signed "Bonneau Bros. by M. Bonneau." To the petition a demurrer was filed by Bonneau Bros. and M. Bonneau, which was overruled. Thereafter M. Bonneau filed a demurrer, and Bonneau Bros. filed an answer, and as one of the defenses alleged that Bonneau Bros. was a partnership, engaged exclusively in the furniture business in the town of Purcell, and, if a member of the partnership signed the name of the firm to the obligation set forth in plaintiffs' petition, that act was unauthorized and not in the scope of the firm's business.

This answer was sworn to by M. Bonneau. The court permitted an amendment to the petition to insert the name of M. Bonneau in the body of the petition after the words "Bonneau Bros." and overruled the demurrer of M. Bonneau to the said petition, to which M. Bonneau excepted and refused to plead further, and judgment was rendered against the defendant M. Bonneau by default, and evidence introduced and judgment rendered for the sum of $116.80. The cause was dismissed as to Bonneau Bros. The case was brought to this court, and plaintiff in error, M. Bonneau, alleges four assignments of error, the first three not being argued by plaintiff in error, and therefore we will not consider them.

The only assignment of error presented in the brief of plaintiff in error is: Did the court commit error in overruling the demurrer of M. Bonneau to plaintiffs' petition? The theory presented by plaintiff in error is: Where one partner executes a contract in the firm name, by himself, and admits that he had no authority to bind the partnership, does he become individually liable upon the contract, or does his liability rest upon a breach of implied warranty, or an action in tort? Plaintiff in error contends that the action would be upon a breach of implied warranty, or for an action in tort for fraud and deceit. In this we cannot agree. Plaintiff in error cites numerous authorities upon the question, but all of them

ure cases where the contract was executed in the name of his principal by an agent. Upon that question the cases are not in harmony, but it has been held by this court that the action would be upon a breach of implied warranty, or an action for fraud and deceit. But plaintiff in error has not cited a case where the contract was signed by one member of a partnership, who signed the partnership name. There appears to be a different rule in so far as partnership contracts are concerned. This rule is laid down in 20 R. C. L. 882, as follows, to wit:

"The law of partnership is a branch of the law of agency. The functions, rights, and duties of partners in a great measure comprehend those of agents, and the general rules of law applicable to agents likewise apply to partners. Accordingly the liability of one partner for the acts of his copartners is founded on the principles of agency. Every partner in a commercial partnership, apart from any special powers conferred on him by the articles of copartnership, is not only a principal, but also a general and authorized agent of the firm, and the agent of all the partners for all purposes within the scope and objects of the partnership. Thus it is that a partner embraces the character both of principal and agent. With respect to the concerns of the partnership, he virtually acts as principal for himself and as agent for his partners."

In 20 R. C. L. 891, the following rule is laid down:

"The liability of a partner for the acts of his copartner may also rest on the principle of estoppel. Where one partner acts in the firm name without authority of his partners, the other partners may be estopped from denying his authority to do so. The particular partner who undertakes to bind his copartners by a contract without authority is himself personally liable on such contract. He cannot be admitted to say that he was not authorized to make it. And he is estopped to deny its effect or validity."

The Supreme Court of Kansas, in the case of J. M. Silvers et al. v. John R. Foster et al., 9 Kan. 56, held as follows, to wit:

"A member of a partnership, who personally or by a clerk and with or without authority from the firm, signs the firm name to a promissory note, as surety thereon, is responsible upon the note in the same manner and to the same extent as if he had signed his own individual name thereto."

In Gunderson v. Hasterlik Bros., 100 Ill. App. 429, the court stated as follows:

"The execution of the guaranty did not bind Hasterlik Bros. for appellee had no authority to thus obligate the other defendants. * * * It did, however, operate to bind appellee, who, if he had no power to obligate others, at least had power to bind himself."

This same rule is adopted in the following cases: Smith v. Kemper, 4 Mart. (O. S. La.) 409, 6 Am. Dec. 708; Skinner v. Dayton, 19 Johns (N. Y.) 513, 10 Am. Dec. 286.

The rule is different where a partner signs the obligation than where it is signed by an agent. The partner, in signing the obligation, binds himself individually, and attempts as an agent for the remaining partners to bind the firm and them individually. If he has no authority to bind the remaining partners or the firm, still he cannot be heard to say that he had no authority to bind himself, and he becomes liable on the contract. This court has held in the case of American Surety Co. v. Morton, 32 Okla. 687, 122 Pac. 1103, 39 L. R. A. (N. S.) 702, as follows, to wit:

"If a man contracts as agent, but without authority, for a principal whom he names, he cannot bind his alleged principal by the contract; but the party whom he induces to contract with him may sue the alleged agent upon a warranty of authority if said agent honestly believed that he had authority which he did not possess, or he may sue the alleged agent in an action of fraud and deceit if the professed agent knew he had not the authority which he assumed to possess and exercise, but he cannot sue the agent on the contract, unless the contract contains apt words to bind him personally."

But this case is not in conflict with the above decision, for there is a different principle involved. An agent does not intend, nor is it supposed that he intended, to bind himself, but a partner, in executing a contract, binds not only the partnership, but the liability extends to each individual member, and if he has exceeded his authority as to the other members of the firm, or the firm, he has not exceeded his authority in so far as he himself is concerned, and he becomes liable on the contract and it is not necessary to bring the action for a breach of an implied warranty, nor an action in tort for fraud and deceit.

The judgment of the lower court is therefore affirmed.

All the Justices concur.