## McMaster v. City Nat. Bank of Lawton.

No. 61, Okla. T.    Opinion Filed May 12, 1909.

(101 Pac. 1103.)

1.  **JUDGMENT—Res Judicata—Joint and Several Contractors.** The common-law rule governing the enforcement of joint obligations, and making a judgment against one or more joint makers of a promissory note a bar to further proceedings against the other joint makers, has been so far modified by our statute as that obligations appearing to be joint will be presumed to be joint and several until such presumption is in some manner overcome; and, unless such presumption is overcome, any one or more of the joint makers of a promissory note may be proceeded against severally without prejudice to the rights of holder against other makers.

2.  **APPEAL AND ERROR—Review—Questions of Fact—Verdict Approved by Trial Court.** When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material allegation necessary to uphold the verdict and the trial court approves the verdict and renders, judgment in accordance therewith, and a new trial is refused, this court will not disturb the verdict of the jury and the judgment of the court on the weight of such conflicting evidence.

3.  **INSTRUCTIONS—Sufficiency.** Where the instructions given by the court fairly and reasonably present for the consideration of the jury the issues joined by the pleadings and presented by the evidence, they are sufficient.

(Syllabus by the Court.)

*Error from District Court, Comanche County; F. E. Gillette, Judge.*

Action by the City National Bank of Lawton against Frank McMaster. Judgment for plaintiff, and defendant brings error. Affirmed.

*Frank McMaster,* for plaintiff in error.
*Smith & Thomas,* for defendant in error.

DUNN, J.    This proceeding is brought to reverse a judgment of the district court of Comanche county, and to secure a new

trial by Frank McMaster, defendant in the court below; the plaintiff, the City National Bank of Lawton, having secured a judgment against him on a note signed by himself and one Addison. The grounds relied upon by plaintiff in error for reversal may be briefly grouped under three heads; First, because the court overruled a motion of the defendant McMaster praying for an order requiring plaintiff to secure service upon and bring the defendant Addison into court; second, because the verdict and judgment were not sustained by sufficient evidence, and were contrary to law; third, on account of error committed by the court in the instructions. We will deal with them in the order stated.

The Supreme Court of the Territory of Oklahoma in the case of *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642, held in the syllabus as follows:

"The common-law rule governing the enforcement of joint obligations, and making a judgment against one or more joint makers of a promissory note a bar to further proceedings against the other joint makers, has been so far modified by our statute as that obligations appearing to be joint will be presumed to be joint and several until such presumption is in some manner overcome; and, unless such presumption is in some manner overcome, any one or more of the joint makers of a promissory note may be proceeded against severally without prejudice to the rights of holder against other makers."

In the consideration of this question, Chief Justice Burford, who wrote the opinion of the court, reviewed our statutes which have the effect of abrogating the common-law rule as to joint obligations, and under which persons liable upon the same may all or any of them be included in the same action at the option of plaintiff. What is there said in reference to the note then before the court is equally applicable to the facts as disclosed in the case at bar:

"Construed by the rules of common law, the note sued on is a joint obligation, and not a joint and several one. Tied. Com. Paper, § 13; Rand. Com. Paper, § 149; *Mason v. Eldred,* 6 Wall. 238, 18 L. Ed. 783. A judgment against one joint maker will discharge the others. Rand. Com. Paper, § 1830. In Daniel,

Neg. Inst. § 1296, the rule is stated as follows: 'A judgment against one or two joint promisors is a bar to an action against both jointly, and is also a bar to an action against the other one. The joint parties cannot be sued separately, for they have incurred no separate obligation, and they cannot be sued jointly, because judgment has already been recovered against one who would be subject to two suits for the same cause; but, when the liability is joint and several, a judgment against one does not preclude procedure against the other or others, though, after judgment against one, all cannot be sued jointly.' *Mason v. Eldred,* 6 Wall. 231, 18 L. Ed. 783; *Odell v. Carpenter,* 71 Ind. 463; *Candee v. Smith,* 93 N. Y. 349. The foregoing authorities establish the common-law rule, and such rule must control in this case, unless modified or abrogated by statute. Nearly all of the states have now statutes abrogating the distinction between joint and several obligations, and giving the holders of joint obligations the right to proceed against the joint obligors the same as if, they were severally liable. Does our statute change the common-law rule? The following sections of the Statutes of 1893 refer to and bear upon the subject under investigation. Section 3389: 'A promissory note is an instrument negotiable in form, whereby the signer promises to pay a specified sum of money.' Section 3283: 'A negotiable instrument is a written promise or request for the payment of a certain sum of money to order or bearer.' Section 851: 'Where all of the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is supposed to be joint and several.' Section 3297: 'The signature of every drawer, acceptor, and indorser of a negotiable instrument is presumed to have been made for a valuable consideration, before the maturity of the instrument, and in the ordinary course of business.' Section 3911: 'Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff.' Section 3957: 'Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First. If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct, and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint

property of all, and the separate property of the defendants served. Second. If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants.' · Section 3958: 'Nothing in this Code shall be so construed as to make a judgment against one or more defendants jointly or severally liable, a bar to another action against those not served.' Section 4287: 'In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper.' * * * Section 2693 abrogates the fule of the common law that statutes in derogation thereof are to be strictly construed, and requires all statutes to be liberally construed. with a view to effect their objects, and to promote justice."

See, also, *Symms Grocer Company et al. v. Burnham, Hanna, Munger & Company et al.,* 6 Okla. 618, 52 Pac. 918.

To his liability upon the note defendant made two defenses: First. That the same was given to take up two other notes which had, in fact, been paid in full, and hence there was no consideration for the note in suit. The second defense was that the signature of Mr. McMaster was obtained by virtue of fraudulent representations made to him by the officials of the bank at the time the same was signed, in which he stated it was agreed that he should not be held bound or liable at all events to pay this note, but only to the extent that would be covered by certain assets which he then held in his hand belonging to the principal obligor thereon. Both of these contentions on the part of the defendant were testified to by him, and were denied by the officials of the bank. The evidence on the part of both parties having been fully presented to the jury under the conditions of this case, its verdict must be considered final, in accord with the rule frequently annunciated by this court that when controverted questions of fact are submitted to a jury and the evidence adduced is conflicting and contradictory, and there is competent evidence reasonably tending to support and uphold the verdict, and where the trial court approves the verdict and renders judgment in accordance therewith, and a new trial is refused, this court will not dis-

turb the verdict of the jury and the judgment of the court on the weight of such evidence. *Stickler v. Gitchel,* 14 Okla. 523, 78 Pac. 94; *Kuhl v. Supreme Lodge Select Knights and Ladies,* 18 Okla. 383, 89 Pac. 1126; *Everett v. Akins, Sheriff,* 8 Okla. 184, 56 Pac. 1062; *Archer et al. v. United States,* 9 Okla 569, 60 Pac. 268, *Kramer v. Ewing,* 10 Okla. 357, 61 Pac. 1064; *Wade v. Cornish, ante* p. 40, 99 Pac. 643.

We have carefully considered the instructions which were refused by the court in connection with these which were given. In our judgment instructions 2 and 3 given by the court substantially covered the two which were requested by defendant, and the refusal of the court to give requested instruction No. 3 was not error by virtue of the statute covering the same proposition quoted above. The contentions of the defendant were set out in full by the court in the instructions given, and were so stated as to cover the issues raised by the pleadings and by the evidence, and in our judgment fairly presented to the jury for its consideration defendant's claims.

We have carefully gone over the entire record in the case, and to our minds there is no reversible error contained therein. Having reached this conclusion, it follows that the judgment of the lower court must be affirmed.

All the Justices concur.