BREWER et al. v. MARTIN.

No. 2956.    Opinion Filed December 2, 1913.

Rehearing Denied January 13, 1914.

(138 Pac. 166.)

1.    JURY—Right to Jury Trial—Cross-Petition. In a cross-petition for judgment on a note and foreclosure of the mortgage lien, when an issue is joined as to the amount due, the trial must be had before a jury, unless the jury is waived.

2.    PLEADING—Verification—Judgment. The defendants, in their answer, having pleaded the execution of the note and the mortgage, and asked for judgment thereon and the foreclosure of said mortgage, and the plaintiff having replied by a denial, without verification, this raises no issue of fact as to the execution of the mortgage and note and the amount due thereon, and judgment should have been rendered in favor of the defend-

ants against the plaintiff for the amount of the note and a foreclosure of the mortgage lien.

(Syllabus by the Court.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Jerry Martin against W. D. Brewer and others. Judgment for plaintiff, and defendants bring error. Reversed.

*W. C. Franklin* and *P. J. Carey,* for plaintiffs in error.

*Fred P. Branson,* for defendant in error.

WILLIAMS, J.   The plaintiffs in error will hereinafter be referred to as defendants, and the defendant in error as plaintiff.

The plaintiff sought to have a certain deed, alleged to have been executed by him to Maude Mitchell, upon certain premises, adjudged to be a mortgage, and a certain deed, alleged to have been executed by plaintiff to Samul Kinney, and a certain mortgage and mineral lease, alleged to have been executed by him to the defendants, to be canceled. Defendants answered by general denial, and further pleaded affirmatively that on August 10, 1904, the plaintiff executed and delivered to said defendants a certain mortgage to secure the sum of $809.95, which was evidenced by a certain promissory note; that, after default, said defendants, under the power of foreclosure contained in said mortgage, which was valid under the laws in force in the Indian Territory at the time of its execution, did proceed to foreclose same, and duly advertised the lands described therein for sale; that said land under said foreclosure was sold to P. J. Carey, and proper conveyance executed to him by the mortgagee; that on November 20, 1909, the said Carey executed and delivered to defendants a quitclaim deed to said land. Defendants further prayed for the possession of said premises under said deed executed as a result of said mortgage foreclosure, but that, in the event the said mortgage foreclosure was defective, then the same be foreclosed, and an accounting be had to determine the amount due on said note. Plaintiff replied, denying that he executed the mortgage or the note, and further denying all af-

firmative allegations in said answer. In due time defendants demanded a jury trial, which was overruled. Plaintiff's reply was not verified. The court found that the foreclosure under the mortgage pleaded in defendants' answer was void.

In *Sherman v. Randolph,* 13 Okla. 224, 74 Pac. 102, it was held that, in an action for judgment on notes and foreclosure of a vendor's lien thereon, when an issue is joined as to the amount due, the trial must be had before a jury, unless a jury is waived. The same statutory provisions now in force in this state were construed in that case. Sections 4989, 4990, 4991, and 4992, Rev. Laws 1910. It appears to be settled that, under said statutory provisions as to jury trials in foreclosure proceedings, where personal judgment for money is sought by plaintiff against the defendant, defendant is entitled to a jury trial, and that the equitable action of foreclosure in such a case is converted into a legal action. *Maas v. Dummyer,* 21 Okla. 434, 96 Pac. 591, and authorities therein cited.

Section 4991, *supra,* is as follows:

"An issue of fact arises: First, upon a material allegation in the petition, controverted by the answer; or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply, which shall be considered as controverted by the defendant without further pleading."

Defendants, in their answer, having pleaded the execution of the note and the mortgage, setting out the amount due thereunder, had the plaintiff verified his reply, this would have raised an issue of fact as to the execution of the mortgage and note and the amount due thereon, and as to such issue he would have been entitled to a jury trial. But, not having verified his reply, no issue of fact was raised, and the defendants were entitled to a judgment; the court having found that the foreclosure proceedings were void, the defendants were entitled to a judgment on said note and a decree of foreclosure to enforce the mortgage lien. *Long v. Shepard,* 35 Okla. 489, 130 Pac. 131.

The judgment of the lower court is accordingly reversed, with instructions to grant a new trial, and proceed in accordance with this opinion.

All the Justices concur.