## FRANCIS v. FIRST NAT. BANK OF EUFAULA.

No. 2969.   Opinion Filed January 13, 1914.

(138 Pac. 140.)

**PRINCIPAL AND SURETY**—Action—Parties Defendant—Sureties.  By virtue of section 4694, Rev. Laws 1910, the holder of a promissory note may, at his option, maintain an action against the parties who sign the same as sureties without joining the principal debtor as a party defendant.

(Syllabus by the Court.)

*Error from District Court, McIntosh County;.*
*Preslie B. Cole, Judge.*

Action by the First National Bank of Eufaula against Edna B. Francis and others.  Judgment for plaintiff, and defendant Francis brings error.  Affirmed.

*F. Scruggs,* for plaintiff in error.

*Collier, Turner & Turner,* for defendant in error.

KANE, J.  This was an action upon a promissory note, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below.  The note was signed by the Presbyterian Church of Eufaula, as principal, and the defendant, Edna B. Francis, and several other persons as sureties.  The indorsers only were made parties defendant.  After the petition was filed, the defendants filed a motion, praying that the Presbyterian Church be made a party defendant, which was overruled. The answer of plaintiff in error, Edna B. Francis, who seems to be the only one of the sureties who answered, was, after an admission that the Presbyterian Church and the sureties named in the petition of the plaintiff executed the note, as alleged, to

the effect that a certain garnishment which the plaintiff caused to be issued at the commencement of the action was wrongfully issued, and that the answering defendant was damaged thereby in a sum in excess of the amount claimed by the petition. Thereafter a motion for judgment upon the pleadings was filed by the plaintiff which was sustained by the court, and judgment in favor of the plaintiff and against.the sureties for the face of the note and interest was rendered, to reverse which this proceeding in error was commenced.

As stated by counsel for plaintiff in error, the determination of this controversy involves only two questions: (1) Was it an abuse of the discretion of the trial court when the court refused to make the Presbyterian Church a party defendant? (2) Did the court err in sustaining the motion of plaintiff for judgment on the pleadings? The statute seems to be conclusive on the first proposition. Section 4694, Rev. Laws 1910, provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

In *Outcalt v. Collier*, 8 Okla. 473, 58 Pac. 642, it was said:

"The common-law rule governing the enforcement of joint obligations, and making a judgment against one or more joint makers of a promissory note a bar to further proceedings against the other joint makers, has been so far modified by our statute as that obligations appearing to be joint will be presumed to be joint and several until such presumption is in some manner overcome; and, unless such presumption is overcome, any one or more of the joint makers of a promissory note may be proceeded against severally, without prejudice to the rights of holder against other makers."

The foregoing case is followed in *McMaster v. City Nat. Bank of Lawton,* 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831.

In *Kirkpatrick v. Gray,* 43 Kan. 434, 23 Pac. 633, where an identical statute is construed, it was held:

"The holder of a promissory note may, at his option, bring and maintain an action against one who signed the same as surety only, and cannot be compelled to bring in the principal debtor as a party defendant in order to have it determined who

is primarily liable on the note, or to give the surety the benefit of the provisions of section 470 of the Code, as that section only applies in cases where the principal and surety are jointly sued."

The question in the Kansas case was whether the owner and holder of a promissory note may bring an action against the surety alone, or can he be compelled to bring in the principal debtor, in order that the judgment may be rendered against the one primarily liable. In discussing this question, Mr. Justice Johnston, who delivered the opinion for the court, said:

"We see no conflict between sections 39 and 470 of the Code. Section 39 confers upon the plaintiff the option or privilege of suing any one of those who are severally liable on a promissory note, and section 470 simply provides for cases where the principal debtor and surety are jointly sued, and has no application where they are sued severally."

In support of his second contention, counsel for plaintiff in error says:

"In her answer plaintiff in error prayed for damages, for the reason 'that said writ of garnishment was obtained wrongfully, maliciously, and without probable cause,' and the prayer is for the interest on the money held in the hands of the garnishee, during the time it was so held and for punitive damages as well. Under the pleading, she was entitled to damages, actual and punitive, and, that being the case, plaintiff in error was entitled to a trial where the amount of the damages could be shown. Of course, we understand that judgment in the trial could not be had against the sureties on the bond for garnishment; but, in this instance, we are sure that judgment against the principal would be sufficient, and that there would be no necessity of filing an independent proceeding against the sureties."

This constitutes the entire argument upon the question sought to be presented, and no authorities are cited in support of the position taken, nor is there any statement to the effect that counsel endeavored to find authorities on the question raised and was unable to do so. As counsel's argument is not convincing, at least not sufficiently convincing to overcome the presumption and our impression that the judgment rendered by the court below is correct, we will not disturb the same. In *Title Guaranty & Surety Co. v. Slinker,* 35 Okla. 128, 128 Pac. 696, it was said:

"Counsel for plaintiff in error present quite a number of contentions in their brief which are entirely unsupported by any authority, and, as it is not apparent to the court that any of them are well taken, we will not notice that class of assignments further, but will confine ourselves to propositions upon which authority is cited *pro* and *con.*"

We think, under the circumstances, the judgment of the court below ought to be affirmed. It is so ordered.

All the Justices concur.