# HORNE v. OKLAHOMA STATE BANK OF ATOKA.

No. 3604.   Opinion Filed February 28, 1914.

On Rehearing, April 7, 1914.

(139 Pac. 992.)

1.   **BILLS AND NOTES**—Parties—Indorser.   The holder of a promissory note may, under section 4694, Rev. Laws 1910, at his option, maintain an action against one of the parties who indorsed the same, without joining all the indorsers as parties defendant.

2.   **SAME**—Pleading and Proof—Directed Verdict.   In an action on a promissory note against an indorser, who files an unverified answer, where the plaintiff, without objection, offers the note in evidence, and it is admitted and read to the jury, and the defendant offers no testimony, it is not error for the court to instruct the jury to return a verdict for the plaintiff for the amount of the note and interest.

3.   **APPEAL AND ERROR**—Change of Contention.   A party to an action, having presented his case or defense to the trial court upon a certain and definite theory, is bound thereby throughout the subsequent stages of said cause.

(Syllabus by Galbraith, C.)

*Error from District Court, Atoka County;*
*J. G. Ralls, Special Judge.*

Action by the Oklahoma State Bank of Atoka against T. F. Horne.   Judgment for the plaintiff, and defendant brings error. Affirmed.

*J. M. Humphreys,* for plaintiff in error.

*Linebaugh Bros. & Pinson,* for defendant in error.

Opinion by GALBRAITH, C.   The Oklahoma State Bank of Atoka commenced this action in the district court of Atoka county on a promissory note payable to its order, signed by Atoka Lumber & Manufacturing Company, as principal, and indorsed by T. F. Horne and four others.   The plaintiff in error, as defendant in the court below, filed an answer in the case on June 12, 1911, which was a general denial, and also set out several matters of affirmative defense tending to show that he was not

liable on said note. This answer was not verified, nor was the execution and indorsement of the note denied "by the affidavit of the defendant, his agent or attorney." On July 6, 1911, a reply was filed. On November 28, 1911, a motion was filed for an order requiring the other indorsers on the note to be made parties to the action. This motion was overruled on the same day, and on December 1st the cause was called for trial, and the parties announced ready, and proceeded to trial before the court and a jury. The plaintiff offered in evidence a copy of the note attached to the petition. This was admitted without objection, and read to the jury. Counsel for the defendant then objected to the introduction of any testimony, for the reason that the petition failed to state a cause of action. This objection was overruled and exception saved. The plaintiff moved the court to instruct the jury to return a verdict in its favor for the amount of the note and interest. This motion was granted, and the jury were so instructed, and a verdict returned against the plaintiff in error for the amount claimed in the petition, and judgment was entered accordingly. To review this judgment this appeal was perfected.

While a number of assignments are urged, there are only two questions presented by this record: First, Was it an abuse of discretion vested in the trial court to deny the motion to make the other indorsers on the note parties to this action? Second, Was the motion for judgment properly sustained? The first proposition is concluded by statute. Section 4694, Rev. Laws 1910, reads as follows:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

See, also, *McMaster v. City National Bank*, 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831, and note; *Francis v. First National Bank of Eufaula*, 40 Okla. 267, 138 Pac. 140.

The second proposition seems to be just as effectively concluded by the same authority. Section 4759, Rev. Laws 1910, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

See, also, *Brewer et al. v. Martin,* 40 Okla. 350, 138 Pac. 166.

The execution of the note in suit and its indorsement by the defendant, as alleged in the petition, not having been denied under oath, were admitted facts. When the plaintiff offered the note and it was admitted in evidence, the plaintiff had made its case. Since the defendant, without offering any evidence, rested, as the case then stood the plaintiff was entitled to judgment, and the motion for a directed verdict was properly sustained.

It is also argued at length in the brief of plaintiff in error that he was a guarantor on the note in suit, and that, he having been sued as an indorser, the petition did not state a cause of action, and for this reason it was error for the court to instruct a verdict for the plaintiff. However, it appears from an examination of the record that the plaintiff in error, as defendant in the court below, in his answer admitted that he was an indorser on the note, and the issues for the trial of the case in the court below were framed upon this theory. He cannot change the theory of the case in the appellate court. On appeal he is bound by the position and theory of his defense as assumed in the trial court. *Herbert v. Wagg et al.,* 27 Okla. 674, 117 Pac. 209.

A careful examination of the record in this case discloses that none of the assignments of error are well taken. We conclude that the same should be overruled, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.


ON REHEARING.

It is urged that the court overlooked a controlling decision, that of *Jones v. Citizens' State Bank,* 39 Okla. 393, 135 Pac. 374, and that it is held in this case that the filing of a reply to an unverified answer in an action on a promissory note waives the verification of the answer. An examination of this case discloses

that the tenth paragraph of the syllabus, which sustains the contention above made, was not written by the court, but was added by the publishers, and it does not correctly state the holding of the court as disclosed by the opinion, and is misleading and erroneous. In the Jones case the answer not only contained a denial of the execution and delivery of the note, but other matters of affirmative defense. A reply was filed to the answer, and the parties proceeded to trial. Evidence was offered by the plaintiff and by the defendant, and at the close of the evidence the plaintiff moved for an instructed verdict. The court said:

"The sufficiency of the evidence to sustain a verdict for the defendant is the sole question that could have been determined by the trial court upon the motion for the instructed verdict."

If the sole question raised by the motion for a directed verdict in the instant case was whether the evidence would sustain a verdict for the defendant, there could be but one answer returned, since no evidence had been offered on behalf of the defendant, and the only evidence in the case was the note in suit, the integrity of which was admitted by the defendant by his failure to deny the execution thereof under oath. Section 4759, Rev. Laws 1910. Filing the reply was not a waiver of the effect of a failure of the defendant to verify his answer. We are unable to find anything in the Jones case contrary to the holding of the original opinion filed in the instant case, and upon re-examination of that decision, we are confirmed in our conclusion that the same is sound, and are therefore constrained to adhere to the same.

The petition for rehearing should be denied.

By the Court: It is so ordered.