## FIDELITY & DEPOSIT CO. OF MARY-LAND v. N. S. SHERMAN MACHINE & IRON WORKS.

No. 7752—Opinion Filed Dec. 12, 1916.

(161 Pac. 793.)

**Principal and Surety—Remedies of Creditor —Action Against Surety.**

By virtue of sections 969 and 4694, Rev. Laws 1910, an action may be maintained against a surety for hire on a bond, given pursuant to section 3881, without joining the principal.

(Syllabus by Bleakmore, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the N. S. Sherman Machine & Iron Works against the Fidelity & Deposit Company of Maryland. Judgment for plaintiff, and defendant brings error. Affirmed.

H. A. King and Twyford & Smith, for plaintiff in error.

Wilson, Tomerlin & Buckholts, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the court below by N. S. Sherman Machine & Iron Works, as plaintiff, against the Fidelity & Deposit Company of Maryland, to recover on a bond executed pursuant to the provisions of section 3881, Rev. Laws 1910, as defendant, to recover a sum alleged to be due on account of materials furnished to Derr & Lucia, partners, principals on such bond, and used in construction of a system of sanitary sewers for the town of Watonga. Defendant demurred to the petition on the ground of defect of parties in that the principals on the bond were not made defendants. The demurrer was overruled, whereupon defendant answered by way of general denial and set forth:

"Further answering, this defendant alleges that the principals on the alleged bond, to wit, C. F. Derr, H. B. Derr, and F. P. Lucia, being the parties with whom plaintiff in its petition alleges to have made a contract out of which plaintiff's action arose, are the real parties in interest herein, and that this defendant is reliably informed that there are certain matters and things growing out of said alleged contract between the said principals and plaintiff N. S. Sherman Machine & Iron Works, which makes it necessary for said principals on said alleged bond to be made parties to this action in order that there may be a full determination of the allegations of plaintiff's petition. The details of which are at this time unknown to this defendant."

Derr & Lucia applied to be made parties defendant, presenting and offering to file an answer and cross-petition, wherein they set up a balance alleged to be owing them from plaintiff by reason of the assignment to them of certain sums alleged to be due and payable on an account growing out of two contracts between plaintiff and the Municipal Excavator Company, aggregating $728.66. Such application was denied, to which defendant excepted. Upon trial to a jury the evidence established the claim of plaintiff. Defendant offering no evidence, the court directed a verdict and rendered judgment for plaintiff. Defendant alone has appealed.

The principal ground assigned for reversal is the refusal of the court to make Derr & Lucia parties defendant, and permit them to file an answer and cross-petition. It is urged that only joint action against both principal and surety could be maintained on the bond in suit, for the reason that such bond is a joint and not a joint and several obligation as appears by the following provision therein:

"The said principals bind their heirs, administrators, executors, successors and assigns, and the said surety binds its successors and assigns jointly and firmly by these presents."

The common-law doctrine invoked by defendant has been modified in this jurisdiction by section 969, Rev. Laws 1910, which provides:

"Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

By section 4694, Rev. Laws 1910, it is further provided:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

It was stipulated that defendant was a surety for hire, and had received a premium for writing the bonds in question.

In Schowalter v. Beard, 10 Okla. 454, 63 Pac. 687, it was said:

"Another defense urged is that the obliga-

tion is joint, and that all the obligors should be made parties defendant. We think section 851. 219 St. Okla. 1893 (sec. 969 Rev. Laws 1910), settled this proposition, as all the obligors on this agreement were parties who received some benefit, and the statute above cited makes all such contracts, presumably, joint and several, and the proof shows that all these defendants were owners of, or parties interested in, lot 18, on which the wall was partly to be erected."

In Thompson v. Grider Implement Co. et al., 36 Okla. 165, 128 Pac. 267, it is held:

"Under section 5571 of Comp. Laws 1909, permitting persons severally liable upon the same obligation or instrument to be sued either together or separately, at the option of the plaintiff, the plaintiff may bring suit against one of the sureties on a construction bond, without joining the principal and the other sureties."

See, also, Rutherford v. Holbert, 42 Okla. 735, 142 Pac. 1099, L. R. A. 1915B, 221.

The statutory rule alike obtains and has been applied in actions against joint makers of promissory notes. McMaster v. City Nat. Bank, 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831; Horne v. Okla. State Bank of Atoka, 42 Okla. 37, 139 Pac. 992.

In Francis v. First Nat. Bank of Eufaula, 40 Okla. 267, 138 Pac. 140, this court, speaking through Mr. Justice Kane, said:

"This was an action upon a promissory note, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The note was signed by the Presbyterian Church of Eufaula, as principal, and the defendant, Edna B. Francis, and several other persons as sureties. The indorsers only were made parties defendant. After the petition was filed, the defendants filed a motion, praying that the Presbyterian Church be made a party defendant, which was overruled. * * * As stated by counsel for plaintiff in error, the determination of this controversy involves only two questions: (1) Was it an abuse of the discretion of the trial court when the court refused to make the Presbyterian Church a party defendant? (2) Did the court err in sustaining the motion of plaintiff for judgment on the pleading? The statute seems to be conclusive on the first proposition. Section 4694, Rev. Laws 1910, provides: 'Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff.' In Outcalt v. Collier, 8 Okla. 473, 58 Pac. 642, it was said: 'The common-law rule governing the enforcement of joint obligations, and making a judgment against one or more joint makers of a promissory note a bar to further proceedings against the other joint makers, has been so far modified by our statute as that obligations appearing to be joint will be presumed

to be joint and several until such presumption is in some manner overcome; and, unless such presumption is overcome, any one or more of the joint makers of a promissory note may be proceeded against severally, without prejudice to the rights of holder against other makers.' The foregoing case is followed in McMaster v. City Nat. Bank of Lawton, 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831. In Kirkpatrick v. Gray, 43 Kan. 434, 23 Pac. 633, where an identical statute is construed, it was held: 'The holder of a promissory note may, at his option, bring and maintain an action against one who signed the same as surety only, and cannot be compelled to bring in the principal debtor as a party defendant in order to have it determined who is primarily liable on the note, or to give the surety the benefit of the provisions of section 470 of the Code, as that section only applies to cases where the principal and surety are jointly sued.' The question in the Kansas case was whether the owner and holder of a promissory note may bring an action against the surety alone, or can he be compelled to bring in the principal debtor. in order that the judgment may be rendered against the one primarily liable. In discussing this question, Mr. Justice Johnston, who delivered the opinion for the court, said: 'We see no conflict between sections 39 and 470 of the Code. Section 39 confers upon the plaintiff the option or privilege of suing any one of those who are severally liable on a promissory note, and section 470 simply provides for cases where the principal debtor and surety are jointly sued, and has no application where they are sued severally.' "

Upon the authority of the foregoing cases it must be held that the rights of the defendant were not prejudically affected by the refusal of the court to make the principals on bond in suit parties defendant.

An examination of the entire record discloses no error in the proceedings below, and the judgment should therefore be affirmed.

By the Court: It is so ordered