### JOHNSON v. CULLINAN.

No. 14240—Opinion Filed Dec. 26, 1923.

1. **Bills and Notes—Necessary Parties Defendant—Indorser.**

Where the payee of a note sued the principal maker thereof, without joining the indorser, as may be done under section 222, Comp. Stat. 1921, there is no authority for making such indorser a party defendant, at the instance of the principal maker, under a pleading setting up matters creating equities between such principal maker and indorser, which, if true, would render such indorser liable for all or any part of the note, but which constitutes no defense as against the plaintiff.

2. **Pleading—Cross-Bill—Relation to Original Controversy—Necessity.**

A cause of action set up in a cross-bill against a party who has been made a codefendant on motion of the original defendant must be germane to the original controversy, and, where the defendant seeks to litigate a new and distinct controversy between himself and a codefendant in said cross-bill, the same is not maintainable under the statutes of Oklahoma as a counterclaim or cross-bill; the defendant will be required to litigate said counterclaim or cross-bill against his codefendant in a separate action.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Exchange National Bank of Ardmore against S. J. Cullinan, Jr., in which the court, at the defendant's instance, made Roy M. Johnson party defendant, and in which defendant filed answer and cross-petition against Johnson. Judgment for the bank against defendant Cullinan, and also judgment for defendant Cullinan against Johnson. From the latter judgment, Johnson appeals. Reversed.

Johnson & McGill, Geo. N. Otey, and H. Grady Ross, for plaintiff in error.

G. Earl Shaffer and George F. Womack, for defendant in error.

Opinion by ESTES, C. In May, 1921, the Exchange National Bank of Ardmore, Okla., sued defendant in error, S. J. Cullinan, Jr., in the district court of Stephens county, Okla., to recover a balance of $4,085.57, with interest and attorney fees, alleged to have been due on a promissory note in favor of said bank. Said note was signed by said S. J. Cullinan, Jr., as principal maker and indorsed by plaintiff in error, Roy M. Johnson. The bank also garnisheed certain funds in Stephens county due the defendant, Cullinan, which was released by the bond of the latter. Cullinan filed unverified answer of general denial and pleaded payment of said note. In July, the plaintiff bank filed reply of general denial thereto. On November 10, 1921, defendant Cullinan filed the following:

"Comes the defendant S. J. Cullinan, Jr., and for his answer he denies each and every, all and singular the allegations in said petition contained, except such as are hereinafter expressly admitted.

"(1) He admits that the plaintiff is a banking corporation organized and existing under and by virtue of the banking laws of the United States of America, having its principal business at Ardmore, Carter county, Okla., and that the note and indebtedness sued on by plaintiff has never been assigned or transferred so far as this defendant knows or is informed. He further admits the execution and delivery of the promissory note as alleged by plaintiff and also the allegation as to the principal sum thereof and all the contents of the note as alleged by plaintiff. He further admits the payments that have been made on said promissory note as alleged by plaintiff and admits that the allegations of plaintiff as to the amounts and times of the several payments are true.

"(2) For his defense to this action this defendant alleges that on July 29, 1920, at Ardmore, Okla., he executed and delivered a promissory note payable to the order of plaintiff herein in the principal sum of $8,000 with interest at the rate of ten per

cent. per annum from date until paid. He further represents that at the time of the execution of said promissory note and at the time and prior to its execution and delivery said note was indorsed by one Roy M. Johnson; that said note was executed for the purpose of taking up an indebtedness due to plaintiff herein and that such indebtedness was, in fact, due from this defendant and from one Roy M. Johnson as a joint and equal liability and for the following reasons and causes to wit:

"That prior to the date of the execution of the note sued on herein this defendant and the said Roy M. Johnson were desirous of borrowing the sum of $10,000 to be used by them jointly in a business venture; that they engaged in said venture and spent $8,-000 of the said sum of $10,000 by them procured leaving a balance of said sum of $2,-000. That the first note as aforesaid was made and executed by this defendant as principal maker and was indorsed by the said Roy M. Johnson; that upon the maturity of said first note this defendant acting by and with the knowledge and consent of said Roy M. Johnson, paid said remaining sum of $2,000 upon said first note and said first note was taken up and canceled; that in order to satisfy the remaining indebtedness of $8,000 this defendant executed to plaintiff the note for $8,000 which is sued on in this action and the said Roy M. Johnson indorsed same.

"(3) This defendant alleges that all of said sum of $8,000 was expended by this defendant in payment of the obligations of this defendant and the said Roy M. Johnson and that every dollar of it was applied by this defendant to the obligations and for the benefit of this defendant and the said Roy M. Johnson equally in accordance with the agreement made between this defendant and the said Roy M. Johnson. Defendant alleges that after the execution and delivery of said note to plaintiff he made to plaintiff and upon said note the several payments set forth and described in paragraph number five of plaintiff's petition. Defendant says that he made said payments out of his own individual money, and that on the day of his last payment on said promissory note there was due and owing upon said promissory note the sum of $—— and that therefore this defendant has paid all of his obligation of one-half of said promissory note and that the said Roy M. Johnson is justly indebted to the plaintiff herein for the remainder.

"(4) This defendant further alleges that plaintiff well knows that the said Roy M. Johnson was the indorser of said promissory note and that he is jointly and severally liable thereon; that at the time of the execution and delivery of said note the said Roy M. Johnson placed with the plaintiff herein certain collateral paper consisting of stock of the Cameron Refining Company aggregat-

ing on its face about $15,000; that this defendant has never authorized or consented to the withdrawal of such collateral and has a right to demand and does demand that plaintiff exhaust the collateral above mentioned and apply same to the balance due upon said promissory note, in order that this defendant may be protected against the payment of the whole of said debt which is a legal obligation against this defendant and said Roy M. Johnson as equal obligators; that plaintiff has brought this action against this defendant alone and that unless the said Roy M. Johnson is brought into this action and made a party defendant herein it will result in unjust hardship to this defendant by reason of the fact that a judgment will be obtained against him showing no liability whatsoever against the real debtor Roy M. Johnson; that for such reason it is necessary and proper for the protection of this defendant that this court order the said Roy M. Johnson to be made a party defendant herein and that he be served with summons to appear and answer herein.

"Wherefore, this defendant prays the court to make its order that said Roy M. Johnson be a party defendant in this action and that after due notice given he file his answer herein, and that upon trial hereof, that judgment be rendered against the said Roy M. Johnson for the amount of his actual liability in the premises; and that in the event judgment be obtained by plaintiff against this defendant for the amount due upon said promissory note, that this defendant have judgment over and against the said Roy M. Johnson for such amount as may be recovered, the amount due by the said Roy M. Johnson, and for all proper relief."

On the same day the court entered an order making the plaintiff in error, Roy M. Johnson, a party defendant. The latter was served with summons in another county, to-wit, Carter county, Okla., on November 17, 1921. On November 29, 1921, Johnson filed special appearance in motion to quash service and plea to the jurisdiction of the court. He averred that the court had no jurisdiction over him for that he was a resident of Carter county, and that the defendant, Cullinan, was a resident of Tulsa county, Okla., and that the court has no jurisdiction over the subject-matter of the alleged probable issue between himself and Cullinan. On December 15, 1921, the plaintiff bank filed motion for judgment against Cullinan on the pleadings. On the same day the said motion of Johnson to quash service and plea to jurisdiction was overruled and exceptions saved. On next day the motion of plaintiff bank for judgment on pleadings was sustained and judgment in favor of plaintiff bank and against defendant Cullinan was rendered for the amount pray-

ed for. Thereafter this cause proceeded as between Cullinan and Johnson, the former occupying the position of plaintiff, the latter that of defendant. On December 23, 1921, defendant filed demurrer to said "application" of Cullinan, and as grounds alleged that the court was without jurisdiction to order Johnson to be made a party; that said order was made by error and without authority of law; that Cullinan by his said "application" admitted the indebtedness to said bank and pleaded no defense, but attempted to allege a controversy between Cullinan and Johnson foreign to the controversy between the bank and Cullinan; that Johnson was not a necessary party; that there was a defect of parties defendant, caused by making Johnson a party; that Johnson was not interested in said action; that if there was any claim or demand against Johnson in favor of Cullinan, that the pleadings on their face show that suit should be filed by Cullinan against Johnson in the proper county. Thereafter said demurrer was overruled and exceptions saved. Thereafter, Johnson filed his answer and in detail joined issues on said "application" of Cullinan. Verdict was for Cullinan against Johnson, for the full amount prayed for and judgment rendered accordingly. Motion for new trial was overruled, exceptions saved, and Johnson, as plaintiff in error, has duly lodged this appeal.

1. The first question to be determined is whether the trial court erred in making defendant Johnson a party defendant. Sections 219, 222, and 224, Comp. Stat. 1921, are:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

"The court, may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights: but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The authority for making Johnson a party must be found in the foregoing statutes either in express terms or by implication. The defendant, Cullinan, had no rights, nor did the trial court have jurisdiction otherwise than conferred thereby as to the con-

troversy between Cullinan and Johnson. It is contended by Cullinan that in the controversy with Johnson, the latter became principal, and that he, Cullinan, became surety as to the bank. This cannot be. Under said section 222, supra, the plaintiff, the Exchange National Bank, had the absolute right to sue either or both of them, "at the option of the plaintiff": Francis v. First National Bank of Eufaula, 40 Okla. 267, 138 Pac. 140; Horne v. Oklahoma State Bank of Atoka, 42 Okla. 37, 139 Pac. 992; Palmer v. Noe, 48 Okla. 450, 150 Pac. 462; Baker et al. v. Gaines Bros. Co., 65 Okla. 192, 166 Pac. 159; Fidelity & Deposit Co. of Maryland v. N. S. Sherman Machine & Iron Works, 62 Okla. 29, 161 Pac. 793.

In the instant case, the said bank did elect to pursue this cause of action on said note against Cullinan only, and under section 224, supra, Johnson was not a necessary party. Cullinan admitted by his answer to the plaintiff's petition that he was liable on said note. He practically confessed judgment and the same was accordingly taken against him alone by said bank. Now, since said bank elected to sue him alone on said note, having the absolute right so to do, he being liable to said bank primarily for the whole of said note, how can it be said under section 224, supra, that Johnson was a necessary party to such controversy, or that the rights of Cullinan thereby could be prejudiced if Johnson were not a party defendant? Under said statutes, whether Johnson was a party was a matter solely within the rights and at the option of the bank and was no concern whatever to Cullinan. In Cooper et al. v. German National Bank of Denver et al. (Colo.) 47 Pac. 1041, under practically identical statutes, and a state of facts analogous to those in the instant case, it is said:

"Where the indorsee (the holder) of a note sued the makers thereon without joining the indorser as a defendant, as he may do under Civil Code, section 13, there is no authority for making such indorser a party, at the instance of the defendants, under a pleading setting up matters creating equities between defendants and indorser, which render him liable for one-half of the note, but which constitute no defense as against the plaintiff."

Speaking further, in the body of that opinion, the court says:

"It was of matters purely personal between the defendants, as to the equities alleged to have existed between them in regard to their respective liability. In other words the liability to plaintiff was admitted and the only controversy was one between the defendants, as to who should pay it—questions presenting no defense against

the plaintiff and in which it could have no interest."

In Hopkins v. Lane, 87 N. Y. 501, it is said:

"The pleading was without warrant and should have been disregarded. A cross-complaint in the very nature of things, if allowable, must be against the plaintiff. An original complaint against an outsider that in no way opposed the right to recover by the plaintiff, and interposed no defense could not be denominated a cross-complaint, and certainly was neither a defense nor counterclaim". Waddell v. Darling, 51 N. Y. 327; Belleau v. Thompson, 33 Cal. 495; Kirkpatrick v. Gray, 43 Kan. 434, 23 Pac. 633; M. K. & T. Ry. Co. v. Lynn, 62 Okla. 17, 161 Pac. 1058; Merchant Trust Co. v. Bentel (Cal.) 101 Pac. 31; Ladd & Tilton Bank v. Rosentein (Wash.) 210 Pac. 677.

The pleadings in the instant case disclose that the controversy between Johnson and Cullinan came clearly within the rules of the foregoing authorities.

Patterson v. Central State Bank et al., 75 Okla. 147, 182 Pac. 678, is also very pertinent to the instant case. Therein Mr. Justice McNeill, for the court, holds:

"A cause of action set up in a cross-bill against a party who has been made a co-defendant on motion of the original defendant must be germane to the original controversy and, where the defendant seeks to litigate a new and distinct controversy between himself and a codefendant in said cross-bill, the same is not maintainable under the provisions of the Code as a counterclaim or cross bill; the defendant will be required to litigate said counterclaim or cross-bill against his co-defendants in a separate action." Henderson v. Pebworth, 90 Okla. 187, 216 Pac. 472.

Thus, it is clear that Cullinan, by his said pleading against Johnson, after judgment rendered against him on said note, sought to litigate a new and distinct controversy between himself and the said Johnson. He had no right under the statutes of this state so to do. The trial court had no jurisdiction to make Johnson a party defendant, but should have disregarded the pleading of Cullinan against Johnson.

It is unnecessary to consider other assignment of error. The judgment of the trial court herein is reversed, and the cause remanded, with the direction that same be dismissed.

By the Court: It is so ordered.