PRENTICE, Adm'r, v. FIRST NAT. BANK et al.

No. 12999—Opinion Filed April 1, 1924.

(Syllabus.)

1. **Bills and Notes—Action Against Sureties Alone.**

By virtue of section 222, Comp. Stat. 1921, the holder of a promissory note may, at his option, maintain an action against the parties who sign the same as sureties without joining the principal debtor as a party defendant.

2. **Same—Refusal to Make Partnership Principal a Party Defendant on Demand of Partner Surety.**

Upon motion of the defendant, the court must order other parties to be brought in when it is made to appear that the controversy cannot be determined without prejudice to the rights of the defendant. It was not error for the court to refuse to make a partnership, which had signed a note as principal, a party defendant, upon application of one of the members of the partnership who had signed as surety, as such defendant might avail himself of any defense to the note which the partnership had.

3. **Bills and Notes—Bona Fide Holders—Knowledge of Executory Agreement as Consideration.**

Knowledge that a note given in consideration of an executory agreement of the payee, which has not been performed, will not deprive a holder of the note of the character

of a bona fide holder, unless he also has knowledge of the breach of the agreement. Where there is evidence reasonably tending to show that the holder, at the time of the purchase of the note, had knowledge that the note was given in consideration of an executory agreement, and that such agreement had been breached, it was error to direct a verdict for the plaintiff.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by the First National Bank of Roff against F. D. Prentice and another. Judgment for plaintiff, and defendant named brought error. On death of plaintiff in error, cause revived in name of Donald Prentice, administrator. Reversed and remanded.

Bell, Hickman & Salter, for plaintiff in error.

Wm. Blake, for defendant in error.

COCHRAN, J. Suit was filed on February 5, 1919, by the First National Bank of Roff, against F. D. Prentice, to recover on a promissory note, executed to Peter Deichman by Prentice & Bell and F. D. Prentice. The defendant F. D. Prentice filed a motion alleging that the note sued on was the obligation of F. D. Prentice and Bailey E. Bell, partners, doing business as Prentice & Bell, and moved the court to make said firm of Prentice & Bell a party defendant. This motion was denied, and thereafter the defendant F. D. Prentice filed an answer and cross-petition, in which he alleged that the note was executed by Prentice & Bell to Peter Deichman, and that Prentice & Bell was entitled to certain offsets against Peter Deichman, and alleged that Peter Deichman was still the owner of the note, and alleged, further, that if Peter Deichman was not the owner of the note, the plaintiff was not a holder in due course for value, and had actual knowledge of the existence of defendant's defense to the note at the time it purchased the same. Thereafter M. Hughes was substituted as plaintiff for the First National Bank of Roff, and the case proceeded to trial. The court directed a verdict in favor of the plaintiff and against the defendant F. D. Prentice and Peter Deichman, from which the defendant F. D. Prentice has appealed.

The defendant complains of the action of the trial court in overruling his motion to make the firm of Prentice & Bell a party defendant, and relies on Cox v. Gille Hardware Co., 8 Okla. 483, 68 Pac. 645, in which it was held that members of a partnership are jointly and not separately liable for the debts of a copartnership, and

one member cannot be sued without joining all of the members of the firm as defendants. The defendant contends that the note was a partnership obligation and that all members of the firm were necessary defendants. The note sued on was not only the obligation of the partnership, but was also the obligation of F. D. Prentice, as the partnership and F. D. Prentice executed the note, and the partnership and F. D. Prentice were severally liable upon this obligation, and the plaintiff was permitted to bring suit against either of the makers of the note without joining the other. In Francis v. First Nat. Bank of Eufaula, 40 Okla. 267, 138 Pac. 140, the plaintiff in error complained of the action of the trial court in overruling a motion of the defendant, who was a surety on a note, to make the principal on the note a party to the suit, and it was held that the action of the trial court was not erroneous, and in the syllabus it is said:

"By virtue of section 4694, Rev. Laws 1910, the holder of a promissory note may, at his opinion, maintain an action against the parties who sign the same as sureties without joining the principal debtor as a party defendant." (See, also, Horn v. Okla. State Bank of Atoka, 42 Okla. 37, 139 Pac. 992; Palmer v. Noe, 48 Okla. 450, 150 Pac. 462; Moorehead v. Davis, 57 Okla. 298, 153 Pac. 623; Becker v. James, 65 Okla. 192, 166 Pac. 150.)

It is well settled that the plaintiff was permitted to elect which of the parties signing the note he desired to sue, and such party could not require the plaintiff to bring other parties into the suit. Under section 224, Comp. Stat. 1921, it is provided:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

In the event it had been made to appear that the controversy could not have been determined without prejudice to the rights of E. D. Prentice, it would have been the duty of the trial court, upon the request of the defendant, to bring in the necessary parties, but the motion in the instant case did not show that the rights of F. D. Prentice would be prejudiced by not making the firm of Prentice & Bell a party defendant. It was the contention of the defendant that the firm of Prentice & Bell had a defense to this note against Peter Deichman, and any holder of the note who was not a holder in due course for value, but it was not necessary for the firm to be made a party in order to permit this defense to be made.

Prentice was entitled to show that the note was the primary obligation of Prentice & Bell, and although the suit was against Prentice alone, he had the right to avail himself of any defense which Prentice & Bell had. McKinnon v. Palen (Minn.) 64 N. W. 387. Prentice was permitted to make proof of this defense of the partnership, and his rights were not prejudiced by reason of the firm not being made a party defendant.

It is next contended that the court erred in instructing a verdict for the plaintiff and against the defendant F. D. Prentice.

It is conceded that the testimony introduced by defendant Prentice was sufficient to constitute a valid defense against the note, had it been in the hands of Peter Deichman, the payee, but the plaintiff contends that he was a holder in due course for value, and that such defense was not available against him. The plaintiff contends that the evidence shows that the only notice which the plaintiff had was that the note was executed for a certain purpose, and that there might be a set-off or counterclaim in favor of the makers of the note, but that such notice does not prevent him from being a holder in due course. To support this contention the plaintiff relies on State Bank v. Hildebrand, 103 Kan. 705; Delk v. City Nat. Bank of Duncan, 85 Okla. 238, 205 Pac. 753; Bessie v. Morgan, 84 Okla. 203, 202 Pac. 1012. In Security T. & S. Bank of Charles City, Iowa, v. Gleichman, 50 Okla. 441, 150 Pac. 908, it was said:

"Knowledge that a note was given in consideration of an executory agreement of the payee, which has not been performed, will not deprive the indorsee of the character of a bona fide holder, unless he also had knowledge of the breach of the agreement."

Had the testimony in the instant case shown that the plaintiff only had knowledge of the existence of the executory contract, and that there might be an offset by reason of a subsequent breach of the contract, he would still have been a bona fide holder for value. But the testimony was that the plaintiff had knowledge of the executory contract, and also had knowledge of the breach thereof and the existence of the counterclaim of Prentice & Bell prior to the purchase of the note, and in these circumstances he would not be a holder in due course. The plaintiff testified that he purchased the note on August 22, 1909, and the testimony tended to show that on numerous occasions prior to that time he had been advised of the existence of the counterclaim of Prentice & Bell, and a breach of the executory contract by Peter Deichman, and in these circumstances it was

error to direct a verdict for the plaintiff. There was also testimony tending to show that the plaintiff was not the owner of the note, but that the same was still owned by Peter Deichman at its maturity, and this was also a question which should have been submitted to the jury under proper instructions.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.