### SEIFRIED v. BASH.

No. 28011.   Oct. 4, 1938.

Rehearing Denied Nov. 15, 1938.

Powell Clayton and Joe W. Simpson, for plaintiff in error.

Goldesberry & Klein, for defendant in error.

CORN, J. This is an appeal by plaintiff in error, defendant below, from a verdict and judgment rendered in the court of common pleas of Tulsa county. The parties hereafter will be referred to as in the trial court.

The action was begun by plaintiff filing his petition, containing four causes of action: First, for $84 damages for wrongfully pasturing plaintiff's land, $255 for wrongfully excluding plaintiff from use of a pond upon his premises, and for $30 for wrongfully removing a fence from plaintiff's land. The second cause of action was for damages for removal of trees and dirt from plaintiff's property and destruction of surveyor's stakes, total damages asked being $357. The third cause of action was for $500 punitive damages. Fourth cause of action asked that a temporary injunction be made permanent.

A temporary restraining order issued. Thereafter, April 15, 1936, upon hearing of defendant's motion to vacate this temporary restraining order, same was overruled and a temporary injunction was granted.

Defendant filed his answer, and on October 28, 1936, the case came on for trial. Plaintiff announced ready and defendant asked that case be stricken. Motion was allowed and court ordered defendant to pay costs of such continuance. December 10, 1936, the case stood for trial again. It appeared that defendant had not complied with order to pay costs, and when defendant declared he was unable to pay said costs the court announced, in presence of the jury, he would have to render judgment for plaintiff as prayed for, by reason of defendant's failure to pay costs as ordered. Defendant moved for mistrial, but after some discussion defendant paid costs, the court set

aside the judgment, and the cause proceeded to trial.

The jury returned a verdict for plaintiff for $50 damages on first cause of action, $50 actual damages on second cause of action, and $50 punitive damages. Defendant presents 26 assignments of error, which are submitted under six propositions.

Defendant first contends the trial court erred in failing to allow competent evidence to be admitted in the cause of action involving punitive damages. Defendant cites and quotes from Aaronson v. Peyton, 110 Okla. 114, 236 P. 586, to the effect that to entitle one to recover exemplary damages in tort action, the proof must show fraud, malice, or oppression. Defendant also cites Mayer et al. v. Goodman, 94 Okla. 12, 220 P. 656, contending the court erred in refusing to allow defendant to prove he acted at all times under advice of counsel. However, the Mayer Case, supra, does not apply here, since defendant's consultation and advice was obtained after filing of this action. Defendant testified as follows regarding this:

"Mr. Seifried: Certainly, under his advice—everything I have done I have done under his advice, I never have made a move since this suit was filed without his advice."

The argument, and authorities cited in support thereof, is without merit, in view of the fact the actions and injuries complained of by plaintiff took place over a period of time prior to filing of the suit.

Defendant claims reversible error by reason of trial court's action in rendering judgment for plaintiff at beginning of trial, by reason of defendant's failure to comply with court's order regarding payment of costs. When the case was ready for trial it was stricken and reset upon defendant's motion for a continuance. The court at that time ordered defendant to pay the costs of the continuance. When again called for trial December 10, 1936, it appeared defendant had failed to comply with the former order of the court, whereupon the court rendered judgment for the plaintiff. The costs were then paid and the court set aside its judgment and overruled defendant's motion for mistrial.

Section 518, O. S. 1931, provides:

"Unless otherwise provided by statute, the costs of motions, continuances, amendments and the like, shall be taxed and paid as the court, in its discretion, may direct."

By authority of the statute the court had the discretion to direct payment of costs of the continuance. While the defendant claims prejudicial error on the part of the court in stating in the jury's presence that he rendered judgment for plaintiff because of defendant's failure to comply with the court's order, the most that can be said regarding this is that it was harmless error. Especially is this true in view of the fact the jury's verdict was for a much smaller amount than that for which plaintiff sued. The proceedings before the jury cannot be said to have prejudiced defendant, since the court did not comment on the merits of the case, but stated his reason for rendering such judgment was the defendant's failure and refusal to pay costs.

Defendant further claims error in the court submitting the question of punitive damages to the jury, and in the refusal to allow a journal entry of judgment and an oil lease rider to be read to the jury; these with the view in mind of showing that by reason of such lease and judgment in an earlier case, defendant had the right to use of the premises and improvements thereon, in order to carry out the terms and purposes of the lease.

There is no disagreement with defendant's statement, as a matter of law, that the operator under an oil and gas lease has the right to use so much of the premises as is reasonably necessary to the operation thereof. However, it is equally well settled in this state that this use of the premises does not extend to the point where it permits the carrying on of operations which are in no way incidental to the development or operation of the lease.

Defendant urged in the trial court that his use of the property was only such use as was incident to the carrying on of necessary operations on a gas well located on the land. However, the evidence was conflicting regarding this, and the jury found the defendant's activities in watering and pasturing his own stock on the property, in removing plaintiff's fences and in hauling rock from around the pond located on plaintiff's land and using the same as foundation stone for his tourist cabins, were uses not incidental to the operation and development of the lease.

Defendant next contends the trial court erred in allowing incompetent evidence to be admitted, and in admitting and submitting to the jury items of damage not properly proved. Defendant himself offered no evidence as to the value and use of the pond, etc., but only disputed the correctness of the values as testified to by plaintiff's witnesses.

In the first cause of action plaintiff asked

$370 damage. The jury gave him $50. On his second cause of action the plaintiff asked $357. The court reduced this to $180.75 on grounds plaintiff had not proved his claim and the jury only allowed $50 of this, after being taken to view the premises. The evidence of damage of $255 resulting to plaintiff by reason of his being deprived of use of the pond was uncontroverted. Evidence of damage sustained by watering and pasturing of stock on his property, to the extent of $84, and concerning value of the fence taken, this being $30, was all considered by the jury. After viewing the premises the jury allowed plaintiff $50, and this, under the evidence, cannot be said to be excessive.

Defendant also complains of certain instructions given by the trial court and certain other requested instructions which were refused. Defendant particularly complains of instructions Nos. 5 and 9. By instruction No. 5 the court charged the jury if they found by a preponderance of the evidence that plaintiff was damaged by defendant's acts, they should find for plaintiff. And in respect to each cause of action for which plaintiff alleged damage, the court told the jury what the greatest extent of liability could be. Then, in instruction No. 9, the court charged the jury that in fixing the amount of plaintiff's damage, if any, they should take into consideration the "fair, reasonable, usable and market value of such items at the time of the injury complained of."

Further, defendant claims the instructions given the jury nowhere recognized defendant's rights to be on the premises. However, under instructions Nos. 10 and 12 defendant's theory that he was upon the premises for purposes incidental to the lease was presented to the jury. This court has often declared the rule that instructions are to be considered as a whole, and where they fairly state the law applicable to the case, the failure to include in a particular instruction all the law applicable to the case is not error. Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768.

The instructions given the jury, when considered as a whole, fairly and reasonably present the issues raised and are sufficient when they perform this function. McMaster v. City National Bank of Lawton, 23 Okla. 550, 101 P. 1103; Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 P. 112.

No error appearing sufficient upon which to base reversal, the judgment of the trial court is affirmed.

Plaintiff having asked for judgment upon the supersedeas bond given herein, such judgment is accordingly rendered for the plaintiff.

All the Justices concur.